## CHAMBERLAIN *v.* BELLER and others.

The sheriff may lawfully require a bond of indemnity before executing an attachment upon goods not in the possession of the debtor but of a third person claiming them as his own.

Such a bond is not within the prohibition of obligations taken by color of office, in any other case or manner than such as are provided by law, although the statute under which the attachment issued provides for indemnity only after the verdict of a sheriff's jury.

The sheriff having been put to costs in the successful defence of an action brought against him by a claimant of the goods attached: *Held*, that he was entitled to recover the whole amount upon the bond,.and not merely a proportional share, though other creditors who did not indemnify him received the surplus of the proceeds of the goods attached after satisfying the indemnifying creditor.

APPEAL from the Supreme Court. The action was upon a bond executed by the defendants to the plaintiff as sheriff of Monroe. It recited that Beller had obtained and delivered to the plaintiff a warrant of attachment against the goods of one Victor Charroin, and that certain property, attached by the sheriff under the warrant, was claimed by one Barron and others. The condition was to indemnify the plaintiff and all persons aiding and assisting him in the execution of the warrant. Upon the trial at the Monroe circuit, it was proved that the warrant of attachment was delivered to and executed by the under-sheriff, Charles L. Pardee. The goods seized were in the possession of Barron and one Burghoffer, and Pardee declined to execute the warrant until indemnified. Upon the execution of the bond in suit, he seized the property, sold it, and, after satisfying the judgment recovered by Beller, applied a surplus upon subsequent executions in favor of other parties. Pardee was sued by Burghoffer for taking the goods, but recovered judgment in the nature of a judgment of *non pros.*, for the costs of defending the action, $100.25. The plaintiff in this action paid Pardee's attorney, for his services in defending the action brought by Burghoffer, a sum which, with interest to the time of the trial, amounted to $82.07. The defendants moved for a nonsuit, which was refused, and they excepted. The plaintiff had a verdict and judgment, which, having been affirmed at general term in the seventh district, the defendants appealed to this court.

*J. C. Cochrane*, for the appellants.

*John H. Martindale*, for the respondent.

Chamberlain **v.** Beller.

ROOSEVELT, J. The only question we deem it necessary to discuss on this appeal is, the right of the sheriff to require a bond of indemnity before seizing goods not in the possession of the attachment debtor, but in the possession of a third person, claiming to hold them as owner himself, and not as trustee or agent of the debtor.

" No sheriff," says the statute, " or other officer shall take any bond, obligation or security, by color of his office, in any other case or manner than such as are provided by law." (2 *R. S.*, 286.) Color of office is a technical expression. It implies bad faith, corruption, breach of duty. "It is," say the law dictionaries, " when an act is *evilly* done by the countenance of an office, and is always taken in the worst sense." Now the proof in the present case is that the officer, in demanding the bond, sought no advantage to himself, but simply desired, as it was natural he should, to protect himself against loss. The risk he was required to run was not for his benefit, but for the benefit of the attaching creditor. If the goods, moreover, as the creditor alleged, were the property of his debtor beyond dispute, he, the creditor, could not be injured by giving the indemnity, and if they were not, it was right that he who, for his own supposed advantage, insisted on the seizure, should take the consequences of the act. Such would seem clearly to be the dictate of common sense and common justice; in other words, in the absence of contrary authority, of common law.

The counsel for the appellants seems to assume that when the statute declares that the bond, to be valid, must be taken in a case "provided by law," it means statute law. This certainly is an error. Statutes, in this state, as every educated person knows, are not the only law. Some sanguine juridical philosophers have been aiming at that end, but the end yet remains to be attained. Until that juridical millennium shall have arrived, we must be content to submit to the law of unwritten principles as well as to that, supposed to be more certain, of written rules.

Assuming, however, that an authority to take the bond in question might, under other circumstances, be "derived from the common law," it is insisted that in the case of an attachment, a purely "statutory remedy," such authority can only be derived from the attachment statute itself, and as the statute specifies a single particular instance, which this is not, in which the sheriff is authorized to require indemnity, it necessarily implies a prohibition of such a bond as the present. I do not see the force of this position. The statute declares that if goods seized as the property of the debtor shall be claimed by another, the sheriff shall summon a jury, and, if they find for the claimant, shall forthwith restore the possession unless the creditor will indemnify him. What is there in this provision that looks like a repeal, express or implied, of the common law rule? It simply declares that if called upon to proceed, in spite of the verdict, he shall have a right to indemnity. Does this imply that if the creditor chooses to waive a jury, and to give a bond without insisting on that preliminary, the bond shall be void? May not the creditor, as between him and the sheriff, lawfully waive the calling of a jury, as in this case, by his acts, he impliedly did? Why should the sheriff, on his own motion, summon a jury, when, whichever way they should find, he would be obliged to seize if required and indemnified, and when neither claimant nor creditor asked him to go through with what, under the circumstances, was an idle ceremony? The sheriff, by the terms of the statute, had a right to demand the bond in case a jury were called and found against the creditor. The condition was waived. It was waived by the party competent as against himself to waive it. He cannot now say it was not performed, and that therefore the bond he gave should not be enforced. He is estopped by his own acts, and the bond stands upon the same footing as if a jury had been called. It is, therefore, clearly valid; and the only remaining inquiry is, what should be the measure of damages?

The sheriff, or his deputy, which is the same thing, was sued for the seizure. Although successful, he was subjected to costs. The amount claimed is small. Its reasonableness is not disputed. He actually paid it. But the defendants say they should not be compelled to refund the whole, because there were other attachments which got the benefit of the surplus proceeds, about $80. The answer is, that the seizure was under Beller's attachment alone. The other creditors did not indemnify and the sheriff refused to seize the goods in controversy without. He had no remedy against them. Their good fortune was incidental, and is no ground for depriving the sheriff of his rights, or, rather, for imposing upon him a gratuitous burthen.

The judgment of the Supreme Court for the whole amount should be affirmed, with costs.

COMSTOCK, J., did not hear the argument; all the other judges concurring,

Judgment affirmed.