## THE PEOPLE *v.* C. L. WILSON.

JUDGMENT FOR TAXES ON REAL ESTATE.—Where an action is commenced against a person alleged to be the owner of real estate, and the real estate, to recover judgment for taxes assessed on the same, and the Court finds as a fact that the person sued is not the owner of the real estate, and renders judgment in his favor,

but against the real estate, and an appeal is taken by the person made defendant from the judgment in his favor, but not from the judgment against the real estate, he cannot assign as error any proceedings which affect the real estate, and as the judgment does not injuriously affect him, it will be affirmed.

APPEAL from the District Court, Eleventh Judicial District, Placer County.

The facts are stated in the opinion of the Court.

*A. S. Higgins*, for Appellant.

*J. G. McCullough, Attorney-General*, for Respondent.

By the Court, RHODES, J.

This action was brought under sections thirty-nine and forty of the General Revenue Act of 1861, to recover the delinquent taxes assessed upon a portion of the California Central Railroad for the year 1861. The railroad was treated as real estate, and it, with its improvements, was made a co-defendant with Wilson. The Court adjudged that Wilson was not the owner of the real estate at the time it was assessed to him, and rendered judgment in his favor, but without costs. No personal judgment was rendered against any one, but judgment was entered against the real estate for the delinquent taxes and costs. Notice of motion for a new trial was given by the defendants—meaning probably said Wilson and the real estate—which was denied, and subsequently Wilson alone gave notice of appeal, and filed the undertaking on appeal—no notice or undertaking being given on behalf of the real estate. Wilson is therefore the only appellant before the Court.

He is entitled to assign for error only such proceedings in the Court below as injuriously affect him, without regard to errors of which others might complain. He alleged that he did not own the real estate at the time it was assessed, and the Court found that issue for him, and he not claiming any relief in respect to the subject of the action, the Court very properly ordered that the suit be dismissed, as to him, without costs, it being provided in section forty-four of the Act above

mentioned, that in such case the judgment shall not carry costs. He has not complained, and we do not see how he could with propriety complain, of the judgment or of the order denying the new trial. He is in no manner whatsoever, so far as appears from the record, affected by the judgment against the land. If he had been found to be the owner, or if the judgment had been given against the unknown owner of the real estate, and he had made it appear that he was in fact the owner, the case would be quite different from the one now presented.

Judgment affirmed.