BERRY *vs.* HEMINGWAY and others.

It is no defense to an action brought by a constable upon an agreement by the plaintiffs in an execution, to indemnify him against the costs of a suit brought by him against a deputy sheriff for levying upon and selling property which the constable had previously levied on, that when the defendants agreed to indemnify the plaintiff they did not know that he had levied other executions upon the same property levied upon by virtue of theirs.

APPEAL by the defendants from a judgment for the plaintiff, rendered at a circuit court, upon a verdict.

*L. H.* and *F. Hiscock*, for the appellants.

*Geo. W. Gray*, for the respondent.

*By the Court*, FOSTER, J. The plaintiff was a constable, and had an execution in favor of the defendants, against Mansfield and Fitch, which was issued out of a justice's court. He also, on the same day, received two other justice's executions against the same defendants, in favor of other plaintiffs, and he levied upon property sufficient in value to satisfy them all; and in about a week thereafter another execution against the same defendants came to his hands, which he also levied upon the same property. In a few days thereafter a deputy sheriff, who had also levied upon the same property, sold it, and at the instance of the defendants, a suit was brought by him against the sheriff, in a justice's court, the defendants agreeing to indemnify and save him harmless. The plaintiffs in the other executions did not indemnify the plaintiff, and the defendants did not know that the plaintiff had any executions levied upon the property, except the one in their favor.

The plaintiff recovered a judgment against the sheriff, in the justice's court, from which the sheriff appealed, of which the plaintiff informed the defendants. The county court affirmed the judgment of the justice, and the sheriff

Berry *v.* Hemingway.

then appealed to this court, of which the plaintiff also informed the defendants, and they told him to go on with the suit; that they were able to pay the costs, and would settle with him in the end.

This court reversed the judgment rendered by the county court and by the justice, and gave judgment against the plaintiff, which he paid, amounting, together with his own costs, to $112.35; to recover which, and interest, he brought this suit, and the jury rendered a verdict for the plaintiff for that sum, together with the interest thereon.

The defendants moved for a nonsuit, on the ground that when they agreed to indemnify the plaintiff, they did not know that he had levied the other executions upon the same property levied on by virtue of theirs, and that therefore their indemnity was void. The court denied the motion, and the defendants' counsel excepted.

I think the judge was right. I am not aware of any adjudged case which sustains the proposition contended for on the part of the defendants; and the case of *Chamberlain* v. *Beller* (18 *N. Y. Rep.* 115, 119,) is in principle like the case under consideration. It was held in that case, where the sheriff (who had received a bond of indemnity from the defendants) had been put to costs in the successful defense of an action brought against him by a claimant of the goods attached, that he was entitled to recover the whole amount upon the bond, and not merely a proportional share, though other creditors, who did not indemnify him, received the surplus of the proceeds of the goods attached, after satisfying the indemnifying creditor.

The judgment should be affirmed.

Judgment affirmed.

[ONONDAGA GENERAL TERM, April 3, 1866. *Bacon, Foster* and *Mullin,* Justices.]