## HOME INSURANCE COMPANY v. WATSON.

*Bond of indemnity — against claim and costs — construction of.*

Upon the payment of an execution against a non-resident debtor, by plaintiff, of moneys due from plaintiff to such debtor, a bond was given, wherein the obligors promised to "indemnify, save, defend and keep harmless" plaintiff "of, from and against the claims of" the debtor, "and from all costs, damages and expenses that shall or may happen or arise therefrom." *Held,* that the indemnity was only against the lawful claims of the debtor, and the plaintiff was not entitled to recover the legal costs and expenses incurred in defending an unsuccessful suit by the debtor, to recover the amount paid on the execution.

*Chamberlain* v. *Beller*, 18 N. Y. 115, distinguished.

SUBMISSION of a controversy without action. The Home Insurance Company claimed to recover against William Watson and Henry L. Hoguet, the sum of $2,297.94, upon a bond given by defendants to indemnify the plaintiff for the payment, upon an execution against one James Campbell, of certain moneys due from plaintiff to said Campbell, and which bond contained this condition:

"Now, these presents witness, that the said Home Insurance Company, having paid to the said sheriff the said judgment, with interest and sheriff's fees aforesaid, the said William Watson and Henry L. Hoguet, they and each of them, their heirs, executors and administrators do hereby promise, covenant and agree to and with the said Home Insurance Company to indemnify, and they do by these presents indemnify, and will at all times hereafter indemnify, save, defend and keep harmless the said Home Insurance Company of, from and against the claims of the said James T. Campbell, and of all persons claiming or to claim the said moneys so paid by said Insurance Company to said sheriff, and of and from all costs, damages and expenses that shall or may happen or arise therefrom. And if the said William Watson and Henry L. Hoguet, their heirs, executors and administrators shall at all times hereafter keep and fulfill the covenants, promises and agreements aforesaid, to indemnify and save harmless the said Home Insurance Company aforesaid, then these presents to be void, otherwise to remain in full force and effect."

Other material facts are fully stated in the opinion.

*Thomas H. Hubbard,* for plaintiff, cited upon the liability of defendants, under the bond, for the costs and expenses in question, *Bridgport F. & M. Ins. Co.* v. *Wilson,* 34 N. Y. 275 ; *Chamberlain* v. *Beller,* 18 id. 115, 119.

*M. Nolan,* for defendants, cited upon the same question, Drake on Attach., § 453, *et seq.; U. S.* v. *Robertson,* 5 Pet. 659 ; *Holmes* v. *Remsen,* 4 Johns. Ch. 460 ; *Embree* v. *Hanna,* 5 Johns. 101 ; *Noyes* v. *Butler,* 6 Barb. 613 ; *Wade* v. *Simeon,* 2 C. B. 548.

DAVIS, P. J. The question in this case arises upon a bond executed by the defendants as sureties. The sheriff of the city and county of New York had attached certain moneys owing by the plaintiff to one James T. Campbell, a resident of South Carolina,

in a suit in the supreme court of this State, brought by James and Denis Carolin against said Campbell. The regularity of the proceedings on the attachment is conceded. The indebtedness to Campbell is also admitted. Judgment had been duly recovered in the attachment suit against Campbell and execution duly issued. The sheriff, on the execution, demanded the attached moneys. The plaintiff refused to pay the same to him unless indemnified. The defendants thereupon executed the bond upon which the question now submitted arises, conditioned to "indemnify, save, defend and keep harmless the said Home Insurance Company from and against the claims of the said James T. Campbell, and of all other persons claiming or to claim the said moneys so paid by the said insurance company to said sheriff, and of and from all costs, damages, and expenses that shall or may happen or arise therefrom." Upon the execution of this bond the insurance company paid over the attached indebtedness to the sheriff, who proceeded to apply the same to the execution and judgment. Afterward Campbell sued the Home Insurance Company in the city of Charleston to recover the same indebtedness. The company set up in defense the suit in New York, the attachment and judgment and the payment of the indebtedness to the sheriff, and on this defense successfully defeated the claim of Campbell and recovered judgment against him, but were unable to collect their costs, Campbell having become insolvent.

The company incurred expenses in defending the suit of Campbell to the amount of $2,337.91, which are admitted by the statement to have been reasonable and proper.

The question presented is whether the plaintiffs are entitled to recover, upon these facts, of the defendants, the amount of the penalty of their bond.

It is insisted, first, that the bond is without consideration. At common law the seal imports a consideration, but under our statute the question of actual consideration is an open one, subject to the same inquiry and defense as if the instrument were a simple contract. 2 R. S. 406, § 77.

And the admission in the statement that there was no other consideration for the bond than the forbearance to defend an action to recover the attached debt and the payment, without suit or delay, of so much thereof as would satisfy the judgment, brings the question whether the consideration was good and sufficient directly before the court. There is no doubt upon the facts admitted by

the statement that the sheriff was entitled to collect the attached indebtedness, and to receive at once from the company so much of the money owing thereon as would extinguish the judgment and his lawful charges. The company had no lawful right to refuse to pay it to him. There was no controversy whatever as to the regularity of the attachment and judgment, nor as to the indebtedness to the judgment debtor; and these facts were not only undisputed at that time, but their existence was subsequently established by the result of the suit in South Carolina. The attachment and judgment were a complete justification and defense of the company making the payment to the sheriff; and, indeed, the sheriff had become the assignee and owner, by operation of law, of so much of the indebtedness to Campbell as was paid to him.

The company in making the payment did nothing more than the law at the suit of the sheriff would have compelled them to do; and the sheriff would have been awarded costs by the law as his indemnity for the delay and expense of the suit. It may well be doubted whether the bond is not without lawful consideration; but in the view we take of its condition, it is not necessary to determine that question.

No claim appears to have been made to the money by any person except Campbell, the judgment debtor. Upon the facts before us, the bond mus⁴ oe deemed an indemnity against his claim. He is shown, by the result, to have had no claim, and it is established, that his suit for the indebtedness was nothing but a false clamor, which has been proved to have been groundless by the judgment of the court in which he sought to enforce it. So far, therefore, as relates to indemnity against Campbell's claim, there has been no breach of the covenant, for no claim has been established, and none existed which could have been established. But the condition is not only to indemnify against any claim of Campbell, but against all costs, damages and expenses which the plaintiff might suffer by reason of his claim. This is to be construed in consonance with the principal object of the indemnity, which was the claim itself. Where that is shown not to have existed at all, the costs, damages and expenses cannot be said to have arisen because of any just or lawful claim, but because of the false assertion of one. The covenant is not to indemnify against false and unlawful assertions of Campbell, or of the whole world to the indebtedness of the company; but its substance is to indemnify the company in paying the money to the

sheriff if it shall turn out that Campbell or anybody else shall establish a better title, and compel the payment to him, and, in that event, not only to make good to the company the amount paid to the sheriff, but also all costs, charges and expenses to which it shall be subjected by reason of the superior title.

Regarding this as the construction of the condition of the bond, there has been no breach of it entitling the plaintiff to, recover, and hence the defendants are entitled to judgment with costs.

*Chamberlain* v. *Beller*, 18 N. Y. 115, 119, was upon a bond to the sheriff under the statute. The sheriff's jury having been waived, the court held the bond within the statute, notwithstanding the waiver, and its effect was therefore to compel the sheriff to proceed, where he would not at law have been obliged to act, the verdict, which was assumed by the waiver, being his protection for refusing to proceed until the bond should be given.

We do not consider that case to be in point.

Judgment is therefore ordered for the defendants, with costs.

· DANIELS and BRADY, JJ., concurred.

*Judgment accordingly.*