SAMUEL WELLER v. STEPHEN LANNING.

The sheriff will not be amerced for neglecting or refusing to advertise and sell personal property levied on by him under execution, where the plaintiff, after notice, does not give ample indemnity.

On motion to amerce the late sheriff of Warren county, John Gardner, for neglecting to execute a writ of execution to him delivered, issuing out of the Circuit Court in the county of Warren, in April, 1876, for $343.96.

Argued at June Term, 1879, before Justices SCUDDER, KNAPP and REED.

For the plaintiff, *O. Jeffrey.*

*John Gardner,* sheriff, *in pro. pers.*

The opinion of the court was delivered by

SCUDDER, J.   A writ of execution was issued and levied on goods as the property of the defendant, Stephen Lanning. A few days after the judgment was obtained, and before the writ was returnable, the plaintiff was notified by the deputy sheriff that there was a chattel mortgage on the goods levied on, for $150, held by one Joseph Vliet; also that Stephen Lanning, the father of the defendant in execution, claimed to own all the personal property taken, and that he demanded a bond of indemnity for the sheriff before he proceeded to advertise and sell the property.   The plaintiff now insists that the sheriff had no right to regard these claims, because they were not in writing, and that he could not call for a bond of indemnity before he advertised the property for sale, and fixed the time for sale.   A bond of indemnity was never executed and offered to the sheriff.   The plaintiff now moves to amerce the sheriff for not executing the writ.

There is no authority for saying that, in such case, the claim

must be in writing, and if not, that the sheriff may disregard a verbal claim and sell the property seized on execution; nor is the sheriff obliged to sell, or advertise for sale, after notice of adverse claim, without a bond of indemnity. The rule is well settled, that where personal property, upon which a sheriff is instructed to levy, is claimed by a third person, the officer is not bound to proceed with the writ unless the plaintiff furnish him with ample indemnity. Where the property is not in the possession of the debtor, or where there is reasonable doubt that it is subject to levy and sale, or where there are conflicting claims to it, an officer has the right to demand a bond of indemnity before seizing goods under execution. The object of this bond is for the protection of the officer in making a levy upon property which, if belonging to any person other than the debtor, he will be liable for. *Harrison* v. *Allen*, 11 *Vroom* 556, 557; *Herman on Executions*, § 154; *Chamberlain* v. *Beller*, 18 *N. Y.* 115; *King* v. *Bridges*, 7 *Taunt.* 294; *Harris* v. *Kirkpatrick*, 6 *Vroom* 392.

The rule to show cause why the sheriff should not be amerced will be discharged, with costs.