(November 15, 1893.)

## AH KLE v. GREGORY, Sheriff.
[34 Pac. 812.]

MINES AND MINING—WRIT OF RESTITUTION—INDEMNITY DEMANDED BY
OFFICER.—This court, at a prior term, decided the appellants en-
titled to the possession of certain mining claims, and ordered that
they be put into the possession of them. The court below thereon
issued a writ of restitution. The sheriff made return to the writ
"that he found parties in possession of the premises that were not
parties to the suit, and who were claiming the premises by location
under the laws of the United States." The sheriff was cited to
show cause why he did not execute the writ of restitution, to which
he made answer that the plaintiffs refused to indemnify him, he
having made demand therefor. *Held,* that the sheriff was not
entitled to indemnity.

(Syllabus by the court.)

APPEAL from District Court, Idaho County.

James W. Reid and J. W. Poe, for Appellants.

The only question in the court below was, Did the circum-
stances and facts of the case confer on the sheriff the legal
right to demand indemnity before he could be called on to exe-

cute the writ? This is the contention here. In this state a
sheriff must execute all process regular on its face and issued
by competent authority. (Idaho Rev. Stats., sec. 1882; 1 Deer-
ing's Code, sec. 4187.) As to the authority, duty, method of
execution and persons to be ejected: 2 Freeman on Executions,
secs. 472-475; *Fremont v. Crippen,* 10 Cal. 211; *Sampson v.
Ohleyer,* 22 Cal. 211; *Huerstal v. Muir,* 64 Cal. 450, 2 Pac. 33;
*Wallen v. Huff,* 65 Am. Dec. 57; *Howard v. Kennedy's Heirs,*
4 Ala. 592, 39 Am. Dec. 307, and notes; *McCreary v. Everding,*
51 Cal. 166; *Wetherbee v. Dunn,* 36 Cal. 147, 95 Am. Dec. 166.

Forney & Tillinghast, for Respondent.

The sheriff may demand indemnity of the plaintiffs in the
execution of a writ of attachment before he could be required
to seize property in the possession of third parties claiming to be
the owners, and upon the refusal of the plaintiff to so indemnify
him, no action can be maintained against the sheriff for a
false return or a nonperformance of his duties. (*Chamberlain
v. Beller,* 18 N. Y. 117; *Marshal v. Hosmer,* 4 Mass. 63; *Marsh
v. Gold,* 2 Pick. 290; *Tevis v. Ellis,* 25 Cal. 516; *Wattson v.
Dowling,* 26 Cal. 127; *Hessel v. Fritz,* 124 Pa. St. 229, 16 Atl.
853; *Wallace v. Hall,* 22 Kan. 194; Crocker on Sheriffs, sec.
572; Harlow on Sheriffs, sec. 324; 2 Freeman on Executions,
472.)

HUSTON, C. J.—Appellants having recovered, on appeal to
this court, a judgment for the restitution of certain mining
claims and property, a writ was issued out of the district court
for Idaho county, and delivered to the sheriff of said county,
commanding him to place appellants in possession of the prop-
erty. To this writ the sheriff made the following return: "I
found Mᵣ. L. Murray, C. L. Rice, T. S. Ratcliff and Pat Sulli-
van in charge of property, who decline to obey the writ of resti-
tution." Thereupon, appellants applied to said district court
for a writ of mandate to the sheriff of Idaho county, command-
ing him to enforce the writ of restitution, and place the appel-
lants in possession of the said property, according to the exigency
of said writ, and in obedience to the judgment and order of the
supreme court. To the alternative writ, the sheriff made an-

swer that he found certain persons named in possession of the premises, claiming to have located them under the laws of the United States. This position is not tenable, as the mining claims in question were not open to location; they having been located in 1862, and continuously worked by the appellants, and those under whom they held, for a period of nearly thirty years.

It is also stated in the answer of the sheriff to the alternative writ that he had demanded indemnity from one of the appellants, which had been refused. This statement is not entirely in accord with the return made by the sheriff upon the writ of restitution, but accepting it for all it is worth, it constitutes no excuse for ·the officer refusing to execute the writ. It can hardly be expected that we will permit the judgments and orders of this court to be negatived or set aside upon the whim or caprice of an executive officer. The judgment of the district court is reversed, and an order will be entered directing the district court for Idaho county to issue the writ of mandate as prayed for.

Morgan and Sullivan, JJ., concur.