POWELL v. SICKINGER et al.

(Second Division. Nome. January 7, 1911.)

No. 2180.

UNITED STATES MARSHALS (§ 30\*)—INDEMNITY—ATTACHMENT.

The defendants in this action brought a suit and attached the property of a debtor, and upon demand of the United States marshal gave the bond sued on in this action, in the usual form of common-law bond "to well and truly indemnify and save harmless the said marshal from all damages, expenses, costs and charges, and against all loss and liability he shall sustain," etc. On bringing this action on the bond by the marshal to recover his "damages, expenses, costs, and charges," ·the defendants have by general demurrer denied the authority of the marshal to take a bond, and denied any responsibility thereon when given. *Held*, that section 515 of the Alaska Code of Civil Procedure furnishes statutory authority for the bond in question; but without statutory authority, so long as it does not contravene public policy, there is no reason why an indemnity contract should not be enforced by the courts.

[Ed. Note.—For other cases, see United States Marshals; Dec. Dig. § 30.\*]

---

\*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

This is an action brought by the United States marshal of this division upon an indemnity bond executed by the defendants in his favor. The undertaking is in the usual form of a common-law bond, and in it is recited the facts that the marshal had attached certain goods and chattels under a writ issued out of the district court for the Third division of the district of Alaska, in the suit of Martin Sickinger v. John Schaeffer; that one Mary Schaeffer claimed the property attached; that the plaintiff Sickinger, notwithstanding said claim, required the marshal to retain in his custody under said writ said property. The bond is conditioned to well and truly indemnify and save harmless the said marshal from all damages, expenses, costs, and charges, and against all loss and liability he shall sustain or in any wise be put to for or by reason of said attachment, or the seizing, moving, taking, or retention, etc., of said property claimed as aforesaid.

The bond is set out in full in the complaint, and it is further alleged that, in consideration of the marshal holding said property under said attachment after the claim by the said Mary Schaeffer, the bond was executed and delivered to the marshal; that the marshal continued to hold said property; that the said Mary Schaeffer brought a suit against the marshal in this court, seeking to recover the possession of said property, and alleges the damages sustained by the marshal, consisting of costs, etc., in defending said suit and expenses to retain said property. The defendant Sickinger is the principal in said bond, and the other defendants herein are the sureties. To this complaint the defendants interposed a general demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action.

E. Coke Hill, Asst. Dist. Atty., of Iditarod, for plaintiff.
W. A. Gilmore, of Nome, for defendants.

MURANE, District Judge. Counsel for the defendants at the argument contended that our statute contained no provision authorizing or permitting an indemnity bond to the United States marshal, and that the bond, having been given to the

marshal in order to get him to perform a plain duty, is void and without consideration. In other words, counsel for defendants contends that the marshal must act at his peril, and, if he make a mistake and return a writ unsatisfied when there is property subject to the writ, he will be liable for damages for a false return, and if he levy upon property which is apparently the property of the judgment debtor, but which turns out to be in fact the property of a third person, he then is liable as a trespasser, and that, by reason of there being no provision in our Code for indemnifying the United States marshal under such circumstances, the judgment creditor may stand by and simply direct the marshal to do his duty without sharing any of the responsibility of the marshal.

Counsel for the defendants has cited a number of cases which the court has carefully considered. Several of the authorities cited the court cannot apply to the case at bar. They are based upon an entirely different state of facts. The case of Ah Kle v. Gregory, 3 Idaho (Hasb.) 674, 34 Pac. 812, being a case from the Supreme Court of the state of Idaho, in a way is in point, but the court cites no authority in its opinion, and the reasoning of the court, if any appears in the opinion, does not strike this court as very forcible. The court apparently seemed to be afraid that its authority was in some way being interfered with by a mere executive officer. Counsel also cites the case of People v. Cabannes, 20 Cal. 525. If that case was in point at the time of the rendition of that decision, it certainly is not in harmony with the case of Long v. Neville, 36 Cal. 455, 95 Am. Dec. 199, where Judge Sawyer, rendering the opinion, says:

"There can be no doubt that, when an attachment or execution is placed in the hands of an officer to be executed, he may demand indemnity of the plaintiff in the execution before he can be required to seize property in the possession of third parties claiming to be the owners, and that if the plaintiff, upon demand, fails to indemnify the officer, and he thereupon returns the writ nulla bona, an action for false returns cannot be maintained, even if it should turn out that the goods so found in the hands of strangers claiming to own them were the goods of the defendant in the writ. Marshall v. Hosmer, 4 Mass. 63; Bond v. Ward, 7 Mass. 125, 5 Am. Dec. 28; Marsh v. Gold, 2 Pick. (Mass.) 290; Chamberlain v. Beller, 18 N.

Y. 117. Where statutes exist providing for calling a sheriff's jury preliminary to demanding indemnity, it may be necessary to call a jury before demanding the indemnity, unless the calling of a jury be waived. Curtis v. Patterson, 8 Cow. (N. Y.) 67. In Marsh v. Gold, Mr. Chief Justice Parker says: 'An officer called upon to serve a precept, either by attaching property or arresting the person, if there be any reasonable grounds to doubt his authority to act in the particular case, has a right to ask for an indemnity. He is not obliged to serve process in civil actions at his own peril, when the plaintiff in the suit is present, and may take the responsibility upon himself. And it has been decided that the sheriff has a right to require indemnity of the creditor, when he shall be directed to attach chattels, the property in which may be questionable. Marshall v. Hosmer, 4 Mass. 63. The same right exists when the sheriff shall be directed to arrest the body of any man, and he has reasonable doubts of the identity of the person. There can be no reason why the same principle should not apply where there may be doubts of the lawfulness of arrest on other grounds.' 2 Pick. 289. And in Chamberlain v. Beller, Mr. Justice Roosevelt says: 'The officer, in demanding the bond, sought no advantage to himself, but simply desired, as it was natural he should, to protect himself against loss. The risk he was required to run was not for his benefit, but for the benefit of the attaching creditor. If the goods, moreover, as the creditor alleged, were the property of his debtor beyond dispute, he (the creditor) could not be injured by giving the indemnity, and, if they were not, it was right that he who, for his own supposed advantage, insisted on the seizure should take the consequences of the act. Such would seem clearly to be the dictate of common sense and common justice; in other words, in the absence of contrary authority, of common law.'"

At an early day in England, when an officer was called upon to levy a writ, and he had reasonable grounds to believe that the property about to be taken was not the property of the judgment debtor, the courts would protect the officer by extending the time for making the return of the writ from day to day, until the judgment creditor would indemnify the officer. Apparently there was no statute authorizing the officer to demand an indemnity bond, so the courts came to his rescue. The American courts have gone further, as will appear from a portion of section 254, Freeman on Executions, which reads as follows:

"But the English courts, nevertheless, found means to protect their officers. When it was shown to these courts that there was property which might be subject to the writ, but concerning the title to which the officers had reasonable doubts, the time for making

a return was extended until the parties in interest should indemnify the officers for proceeding. In some of the states, a position has been taken in favor of the officer, far in advance of that indicated by the English decisions. Thus, in Massachusetts, the Supreme Court, by Chief Justice Parker, said: 'An officer called upon to serve a precept, either by attaching property or arresting the person, if there be any reasonable ground to doubt his authority to act in the particular case, has a right to ask for an indemnity. He is not obliged to serve process in civil actions at his own peril, when the plaintiff in the suit is present, and may take the responsibility upon himself. And it has been decided that the sheriff has a right to require indemnity of the creditor when he shall be directed to attach chattels, the property in which may be questionable. The same right exists when the sheriff shall be directed to arrest the body of any man, and he has reasonable doubts of the identity of the person. There can be no reason why the same principle should not apply where there may be doubts of the lawfulness of the arrest on other grounds.' "

The courts of the United States have generally held that, where the sheriff has reasonable grounds to believe that there will be a controversy over the title to the property which he is required to levy upon, he may demand an indemnity bond. However, if the marshal should demand an indemnity bond without such reasonable grounds, and the judgment creditor should refuse to indemnify the marshal, the marshal might be held liable for a false return. That question, however, cannot arise in this case, as it appears from the pleadings that it became necessary to settle the question of title by a decision of this court.

The case of Paddock v. Hume, reported in 6 Or. 82, sustains an indemnity bond and goes to the extent of holding that it imports a consideration, being a contract under seal, which would also apply to the bond in question, and further holding that, even though there is no statutory provision for the bond in question, it will be enforced as a common-law bond, where it does not contravene public policy nor violate any statute, and there is no allegation that the bond in the case at bar was obtained by fraud or mistake.

Section 5, p. 147, Waples on Attachment and Garnishment, is conclusive of the question in this case, and reads as follows:

"The officer to whom a valid writ is addressed is bound to use all due diligence to execute it, provided he can do so without perpetrating injustice to others and loss to himself. He is not to be the

arbiter of the possible injustice, but he is the best judge as to whether he can execute his trust without involving himself in a lawsuit for trespass. If he has reasonable ground to believe that the property which the attaching creditor has pointed out for seizure is really the property of another person than the debtor, if he has been credibly so informed, or has been notified of the fact by a claimant, especially if the property is in litigation and the question of ownership is doubtful, he may require a bond of indemnity from the plaintiff. The attachment is to be effected in the plaintiff's interest, not in that of the officer; he has provoked the proceeding and caused the writ to issue; he has sworn to the defendant's indebtedness and must know the fact; he has pointed out the particular property which he wishes the sheriff to attach, and why should he not protect that officer? The duty which the officer is ordered to perform is a delicate one, in many instances; and it is always a highly responsible one. It involves reparation to the plaintiff in damages for any dereliction by which he fails to attach property and causes the plaintiff loss in consequence. If he does not request the attaching creditor either to indemnify him or to point out property for attachment, he is yet bound to execute the precept with diligence and faithfulness, and is responsible for his own faults resulting in failure. When a plaintiff, personally or through his attorney, designates what goods or other property the officer must seize, he is bound to protect him in the execution of such instructions, and may be made to indemnify against loss resulting to the officer because of obedience to such instructions. In such case, there is an implied promise of indemnification. If the sheriff acts on his own responsibility, and thus causes loss to himself, the plaintiff who has not given him either bond or instructions would not be obliged to make good his loss. It is the right of the person charged with the execution of the writ to demand a bond of indemnity before proceeding in doubtful cases. Whether there is express authority therefor by statute or not, the common law gives the right."

In addition to the authorities above cited, section 515 of the Alaska Code of Civil Procedure provides that the party demanding that an officer perform services for him must either pay fees in advance or give a bond to indemnify the officer for such fees, which would probably furnish statutory authority for the bond in question. However, the view taken by the court is that without statutory authority, so long as it does not contravene public policy, there is no reason why an indemnity contract should not be enforced by the courts. The court has examined numerous other authorities sustaining this position, but deems it unnecessary to quote further.

The demurrer is overruled, and the defendants given ten days to further plead.