CHARLES WOODBRIDGE *versus* HIRAM B. CONNER.

As all participating in a trespass are principals, an action lies, as well against one who orders a wrongful act, as against him who does it.

Where the plaintiff proved the taking of his property by the defendant's order, which, *prima facie*, was a trespass, the defendant, to justify the act, must show that the taking was lawfully authorized.

ON REPORT from *Nisi Prius*, TENNEY, C. J., presiding. TRESPASS. A witness called by plaintiff testified that he received verbal directions from the defendant to seize property of the plaintiff; he accordingly seized the wagon in controversy, which was worth, perhaps, $65, but which he sold for $55.

On *cross-examination*, the witness stated, that, at the time the defendant gave the directions, the witness had tax bills and a warrant in his hands; that defendant informed witness that the plaintiff had told him he should not pay his tax; and the defendant then told witness to take property if he would not pay the tax. He had what purported to be a warrant and he acted partly under it. Defendant said the warrant was sufficient to indemnify him.

*D. D. Stewart*, for the plaintiff.

*Hutchinson*, for the defendant.

The opinion of the Court was drawn up by

APPLETON, J. — It is in proof that the wagon in question, the title to which was in the plaintiff, was seized by one Nickerson, by order of the defendant. If A takes the goods of C, by command of B, it is well settled law that trespass may be maintained against the individual taking them, as well as against the one by whose direction they were so taken.

The taking being proved, it is for the defendant to justify an act which, *prima facie*, is a trespass. Every imprisonment of a man is *prima facie* a trespass; and, "in an action to recover damages therefor," says METCALF, J., in *Bassett v. Porter*, 10 Cush., 418, "if the imprisonment is proved or admitted, the burden of justifying it is on the defendant." The same rule holds where property is seized belonging to another. The seizure being proved, it is for the person seizing to show his authority for the act done. For aught that is proved in the case before us, the defendant was a mere stranger. He does not appear, from the proof, to have sustained any official relation to the person by whom the plaintiff's property was taken, which would authorize his interference. "The rule," remarks BIGELOW, J., in *Emery v. Hapgood*, 7 Gray, 55, "is, if a stranger voluntarily takes upon himself to direct or aid in the service of a bad warrant, or interposes and sets the officer to do execution, he must take care to find a record that will support the process, or he cannot set up and maintain a justification."

There is no proof that the witness, who testifies he seized, by the defendant's direction, the plaintiff's property, was ever chosen a collector of taxes. What taxes may have been assessed, or what warrant for their collection may have been issued, does not appear. If the defendant have a justification, he has studiously avoided disclosing it. Most assuredly, it is not for the Court to presume its existence in the absence of proof. *Defendant defaulted.*

RICE, CUTTING, DAVIS and KENT, JJ., concurred.