CHARLES CROSSMAN *vs.* FRANK A. OWEN, administrator.

*Officer, liability of, and indemnity to. Contract.*

If an officer, requiring and receiving from a creditor an agreement for indemnity, attaches as the property of a debtor, and sells upon the writ, the goods of another man, who sues and recovers judgment against the sheriff for such unlawful taking, he can maintain an action upon the agreement given him, although in making sale of the articles attached, he has not strictly conformed to the requirements of the statute, unless it is expressly shown that his failure to comply with the law in this particular was the ground of the recovery of the judgment against the sheriff in the claimant's action.

ON REPORT.

David Owen, the defendant's intestate, was a member of the firm of Owen & Company, doing business at Bath, in December, 1865, and the plaintiff was the deputy at Brunswick of George W. Parker, Esq., then sheriff of Cumberland county. Upon the twenty-seventh day of December, 1865, several writs against William J. Harmon were placed in the plaintiff's hands for service, one of them being in favor of Owen & Company, who directed and requested Mr. Crossman to attach thereon a stock of goods

in a store in Brunswick occupied by Harmon. These goods were claimed by Jacob Harris, and the deputy declined to make the attachment unless indemnified. Owen & Company and the other attaching creditors then gave to Mr. Crossman the agreement to indemnify, which is fully recited in the opinion of the court.

After this paper was delivered to him he attached the goods, for which act his principal, the sheriff, was sued by Harris, who obtained a verdict and judgment in that suit in his favor, at the October term, 1870, of this court for this county, for $1401.19 damage, and $113.66 costs of suit, for which sums execution issued December 7, 1870. The plaintiff in the present action declares that his stock in trade, worth six hundred dollars, was taken by reason of the judgment aforesaid and sold for much less than its value, and that he is still liable for the unpaid balance of the execution issued thereon.

There was also a general count for $500 money had and received.

This action was commenced by writ dated August 7, 1871, issued out of and returnable to the superior court of this county at its September term, 1871.

The property attached by Crossman, as deputy sheriff, on the writs against Harmon, was appraised, at the request of the creditors, according to R. S., 1857, c. 81, § 47, and following sections, and sold before judgment. It was appraised January 5, 1866, and sold on the ninth day of the same month, having been kept, after its appraisal, less than the time fixed by the statute. It sold for $993.86, the expense of sale being $42.63, leaving $951.23 as the net proceeds. Of this he paid Owen & Company, January 24, 1866, two hundred and sixty-three dollars, for which he took their receipt, concluding in these words: "and we promise and agree to and with said Crossman to account to him for the said sum so as before paid us, on the execution which may issue in said suit," i. e., in their suit against Harmon. When judgment and execution were obtained by them against Harmon, this sum was endorsed according to agreement.

In the suit of Harris against Parker, the defence set up was the attachment of these goods as the property of Harmon, upon the processes aforesaid ; and that they were legally to be so taken at the suit of his creditors, the sale to Harris being fraudulent and void as to them. Parker subsequently sued Crossman and his sureties for the amount he was compelled to pay to satisfy the Harris judgment, and it was in this suit of Parker's that Crossman's goods were taken and sold as alleged in his declaration.

This court was to enter such judgment as the law and facts required.

*Henry Orr*, for the plaintiff.

*Francis Adams*, for the defendant.

TAPLEY, J. The plaintiff, a deputy of the sheriff of the county of Cumberland, being called upon to make an attachment of goods upon a writ, required of the attaching creditors an indemnity for so doing. An agreement to indemnify having been furnished, and the goods attached, he proceeded, under the direction of the creditors' counsel, to make sale of them upon the writ and hold the proceeds for application upon the executions when issued. A sale was made, the net proceeds of which were nine hundred and fifty-one dollars and twenty-three cents ($951.23). The sale was made the ninth day of January, 1866, and on the twenty-fourth day of the same month the creditors, now represented by this defendant, received of the plaintiff two hundred and sixty-three dollars of the proceeds, to be applied and accounted for upon the execution which should issue on the judgment recovered upon their claim.

In August following, execution having issued, this sum was duly accounted for upon the same.

On the third day of April, 1866, one Jacob Harris commenced an action against the sheriff to recover the value of the goods thus attached, alleging his ownership of the same at the time of the attachment by this plaintiff, and upon due proceedings recovered judgment for $1401.19, damage, and costs of suit, taxed at $113.66,

which sums the plaintiff has been obliged to pay from his own goods and estate upon due proceedings against him, by reason of the attachment. The plaintiff having been obliged to pay this amount by reason of the attachment, now seeks to recover the same upon the agreement, with his reasonable expenses incurred by reason of making the attachment.

The agreement given and now sought to be executed provides, that, "whereas Charles Crossman, a deputy sheriff within and for the county of Cumberland, has attached on several writs or mesne processes in favor of the undersigned, a stock of goods in the store lately occupied by William J. Harmon of Brunswick, as the property of said Harmon, to secure the several demands due us respectively. Now, therefore, in consideration of the premises and of one dollar to each of us paid before the execution hereof, the receipt whereof is hereby acknowledged, we do hereby promise and agree to and with said Crossman, his heirs and assigns that we will well and truly indemnify said Crossman for so attaching and taking said goods, and save him harmless from all actions, costs, claims or demands of all persons by reason of his said attachment, and holding said goods as aforesaid.

In testimony whereof we have hereunto subscribed our names this twenty-seventh day of December, in the year of our Lord eighteen hundred and sixty-five."

To excuse themselves from the liability assumed by them on account of the attachment, it is averred that the subsequent proceedings of the officer were not in accordance with the requirements of the statute concerning the sale of the goods, and therefore the plaintiff became a trespasser *ab initio.*

Without passing upon the soundness of this proposition it may be enough to say, that if the debtor in the original processes was not the owner of the goods, and Jacob Harris was, at the time they were taken by attachment, the subsequent proceedings can make him no more of a trespasser whether regular or irregular, and he would be entitled to recover their value regardless of these proceedings.

As an evidence that they were in fact the goods of Harris, the record of the judgment recovered in his favor against the sheriff is introduced, and seems to establish this fact.

It is said that this does not necessarily follow, because an action of trespass may be sustained by any party who has possession of goods against any one having no title, or right of possession, when he has unlawfully taken them into his possession.

This is true; but the action is not sustained because plaintiff has possession, but because the possession is sufficient evidence of title against a party showing none. The action is founded upon the plaintiff's title, and his possession is the evidence of it, in such cases.

The action of *Harris v. Parker* was founded upon the allegation of ownership in the plaintiff. The defendant in that case relied upon the ownership of one Harmon, and so far as can be gathered from the judgment, the issue was this ownership, and was decided in favor of Harris.

We find nothing in the judgment, and nothing in the admissions made by the parties in this case, to show that the alleged irregularities in any way affected the rights or interests of the respondents in that case.

That it may have done so is not quite sufficient to find that it did.

We think this judgment, with that recovered by the sheriff against the plaintiff, admitted without objection, having been satisfied, entitles the plaintiff to maintain this action; and that he is entitled to recover the amount of the judgment of *Harris v. Parker*, with interest since, less any balance of the proceeds of the sale on the original process, in his hands at the time the Harris judgment was recovered, the action of trespass against Parker being a confirmation of title in the proceeds held by his servant and deputy, the present plaintiff.

*Judgment for plaintiff accordingly.*

APPLETON, C. J., WALTON, DICKERSON AND DANFORTH, JJ., concurred.

CUTTING, J., did not concur.