WILLIAM LOVIE TILLEY *vs.* ROBERT C. COTTRELL *et al.*

NEWPORT—MAY 20, 1899.

PRESENT: Stiness, Tillinghast, and Rogers, JJ.

(1) *Action on Bond. Joint Trespassers.*

In a suit by an officer upon a bond given to indemnify him in attaching certain property for the defendant, the fact that the plaintiff subsequently levied other writs of attachment on the same property and that his loss grew out of his joint acts with the defendant and other subsequent attaching creditors, and not solely out of the act of levying the

defendant's writ, is no answer to the liability of the defendant on his bond, although such defence would be proper upon a chancerization of the bond under the provisions of Gen. Laws R. I. cap. 246, §§ 3, 4.

DEBT ON BOND. The facts are stated in the opinion. Heard on demurrer to defendants' pleas in bar. Demurrer sustained.

STINESS, J. The plaintiff, a constable, sues on a bond to indemnify him in attaching for the defendants the property of Joseph Parsons. The declaration sets out that Ella F. Parsons has recovered judgment against him for such attachment, on the ground of her title to the property. The defendants plead, in their fourth, fifth, sixth, and seventh pleas, that the plaintiff subsequently levied other writs of attachment on the same property without their knowledge or consent, and that the plaintiff's loss grew out of his joint acts with the defendants and the subsequent attaching plaintiffs, and not solely out of the single act of levying the defendants' writ. The plaintiff demurs to these pleas. The defendants claim that the judgment against the plaintiff does not determine that the damages grew out of the act of making the attachment for them, because the subsequent attaching parties were joint tort feasors and principals equally with them. The cases cited are radically different from the case at bar. They are cases of tort, in which all parties concerned in the trespass were held to be principals; *e. g., Olsen* v. *Upsahl,* 69 Ill. 273; *Woodbridge* v. *Conner,* 49 Me. 353; *Elliott* v. *Hayden,* 104 Mass. 180; *Lovejoy* v. *Murray,* 3 Wall. 1. This case, however, is a suit on a bond. The fact that other parties may have engaged in the trespass is no answer to the liability of the defendants on their bond. *Chamberlain* v. *Beller,* 18 N. Y. 115. See also *Crossman* v. *Owen,* 62 Me. 528.

The fact attempted to be set up by the plea may, however, affect the extent of the defendants' liability.

Under Gen. Laws R. I. cap. 246, §§ 3, 4, when the condition of a bond is broken, judgment must be entered for the penal sum of the bond; but execution issues only for such

sum "as shall then be due and payable in equity and good conscience." By this broad provision the court may ascertain the sum which the plaintiff in equity and good conscience is entitled to receive from the defendants. If the damages recovered against the plaintiff resulted from the original attachment, he will be entitled to full indemnification from these defendants under his bond; but if the damages were enhanced by reason of the subsequent attachments, such increased damages would not be within the bond and could not be charged against these defendants. And this is the scope of the pleas demurred to. They do not deny liability, but set up only a joint liability, for which others may be in part responsible.

The demurrers to the pleas are sustained.

*Clark Burdick*, for plaintiff.

*Samuel R. Honey*, for defendant.