## BERTRAM S. BLAISDELL *vs.* CATHERINE HARVEY.

### PROVIDENCE—FEBRUARY 3, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *New Trial. Chancerization of Bonds. Assessment of Damages.*

In an action of debt on bond after decision by a single justice, jury trial being waived, the time for filing a petition for new trial having expired, judgment having been entered for the penal sum of the bond, and the

bond having been chancerized by a jury under Gen. Laws cap. 246, § 4, a petition for new trial after the assessment of damages on grounds affecting the original decision will not be entertained.

*Quære*, if the provisions of Gen. Laws cap. 251, § 5, granting the privilege to apply for a new trial "in proceedings for assessment of damages for taking of property," include the chancerization of a bond by a jury.

DEBT ON JUDGMENT.   Heard on petition of defendant for new trial, and denied.

DOUGLAS, J.   This is an action of debt on bond, originally brought in the Common Pleas Division, and, jury trial not being claimed, certified to and heard by a single justice in the Appellate Division.   July 16, 1903, decision was rendered for the plaintiff for the penal sum of the bond; July 21, defendant filed notice of her intention to file a petition for a new trial and the time to file the statement required by law was extended to July 22, and then to August 27; August 27 defendant's statement was filed; September 26, the time for filing the petition having expired and none having been filed, judgment was rendered for the plaintiff, as of July 16, for $500.   Defendant then moved that the bond should be chancerized by a jury, under Gen. Laws cap. 246, § 4, and the case was sent to the Common Pleas Division for that purpose.   November 7 damages were assessed by a jury, and the bond was chancerized for $477.12.   November 12 defendant again filed notice of intention to petition for a new trial, and the time for filing her statement was extended to December 18.   On that day defendant filed a statement and a petition for a new trial on various grounds, none of which are insisted on except that the decision of the justice, rendered July 16, was against the evidence and the weight thereof.

(1)    We do not see how we can entertain this petition under the statutes on the subject of new trials.   Pub. Laws, 1897, chapter 451, provides that the course of proceeding to obtain a new trial, after decision by a single justice in a case where a jury trial had been waived, should be the same as after verdict or decision in the Common Pleas Division as set out in chapter 251 of the General Laws.   Chapter 251 requires that within a fixed time after decision the steps therein provided for shall

be begun, and that within fifteen days after the statement is filed the petition for new trial shall be filed. When the defendant failed to file her petition within the time limited by law she lost her privilege of disputing the correctness of the decision, and final judgment ensued according to law.

There is no provision in the statutes for filing a petition for a new trial after judgment, except that of sections 1 and 2 of chapter 251, which are not applicable to this case.

If the petitioner were simply asking for a reassessment of damages, the question might not be so simple. Whether the provisions of section 5, granting the privilege to apply for a new trial "in proceedings for assessment of damages for taking of property," include the chancerization of a bond by a jury may well be doubted.

The petition will be dismissed, and execution will issue upon the judgment for the amount assessed by the jury and costs.

*Frederick A. Jones*, for plaintiff.

*Page & Page & Cushing*, for defendant.