WILLIAM F. GOUCHER, *U. S. Marshal vs.* LOUIS HERR *et al.*

JULY 15, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This is an action of debt on bond against Louis Herr and Joseph Herr, the sureties on a bond given to release an attachment of certain property in an action by the Coronel Properties, Inc. against Scheindel Tanenbaum. Upon the death of Louis Herr, his administrator became a party defendant.

The writ in this case contains an affidavit of no defense which is signed by the plaintiff's attorney. The declaration alleges that, in the original action of the *Coronel Properties, Inc.* v. *Tanenbaum,* judgment was entered for the plaintiff; that, this judgment remaining unsatisfied, an action against these defendants as sureties on the attachment bond here involved accrued to the present plaintiff for the benefit of the Coronel Properties, Inc.; and that, in the circumstances, the defendants were indebted to him in the sum of $6000, which was the penal sum of the bond.

With the writ and declaration, the plaintiff filed a motion for summary judgment under general laws 1938, chapter 524, asking "that judgment be entered in the penal sum of the bond" in the Coronel Properties case, "*and* that said bond be chancerized" in the sum of $5364.58, with interest and costs. Before this motion came on for hearing, the defendants filed a plea in abatement on the ground of non-joinder of parties plaintiff, and also moved to dismiss the plaintiff's motion for summary judgment. In this state of the pleadings, the trial justice proceeded to hear the defendants' motion to dismiss and the plaintiff's motion for summary judgment, denying the former motion and granting the latter one. Exceptions to these rulings were duly noted by the defendants. Their plea in abatement has not been disposed of in any way, and therefore remains a disputed matter in the record before us.

The defendants contend that the trial justice erred in ruling as he did, for two reasons: first, because no summary judgment could or should be entered under the pleadings in the case, and second, because the summary judgment statute is inapplicable in this class of cases. We are of the opinion that the defendants are correct in both of their contentions.

When the trial justice heard the motions and made the rulings in question here, there was a controlling issue, pending and apparent on the face of the record, which required determination before the question of the entry of any judgment, especially a summary judgment, could properly be considered by the court. The defendants had the right to question whether all necessary parties plaintiff were before the court, and they availed themselves of this right by filing a plea in abatement on the ground of the nonjoinder of necessary parties as plaintiffs. The omission of necessary parties, unless cured by amendment, will defeat the action.

In the instant case, the defendants not only duly raised the fundamental issue of necessary parties by their plea in abatement, but also called the attention of the trial justice to the existence of such a plea in the argument on the plaintiff's motion for summary judgment. Without giving any reason, the trial justice did not consider the defendants' plea in abatement and decided that the plaintiff was entitled to a summary judgment. We are, therefore, confronted with the anomalous situation of a judgment being entered in a case while a plea in abatement, apparent on the face of the record and relied upon, remains open for judicial determination.

We are not now concerned with the merits of the defendants' plea in abatement. Whatever its merits may be, it was open and determined on the face of the record and in such circumstances the entry of summary judgment was not in order. If judgment is to be entered against these

defendants, they are entitled to a judgment that will finally settle the claims of and bind all necessary parties, so that thereafter no other action could be brought upon this same cause of action. The decision granting the plaintiff's motion for summary judgment was a premature decision, made while a question, apparent on the face of the record, as to the existence of an element essential to the effectiveness of such a judgment as a final judgment, remained undecided. In the circumstances, such decision being premature, the judgment was therefore a nullity.

Ordinarily we would refrain from considering any further question in the case because of our above-stated conclusion. But, lest it be inferred that we approve the practice attempted in this case, we will consider the question of the propriety of moving for a summary judgment in an action of debt on bond, which issue was raised by the defendants' motion to dismiss the plaintiff's motion for such a judgment and was decided adversely to them by the trial justice.

Our views as to the intent and scope of the summary judgment statute (G. L. 1938, c. 524) are set forth in previous decisions of this court and therefore need not be repeated here. *Fisher* v. *Sun Underwriters Ins. Co.*, 55 R. I. 175; *Berick* v. *Curran*, 55 R. I. 193; *Minuto* v. *Metropolitan Life Ins. Co.*, 55 R. I. 201. We stated in those cases that proceedings for summary judgment are not applicable in all cases founded for contract, nor is it the purpose of the summary judgment statute to substitute a trial by affidavit for a trial according to law.

In the instant case the plaintiff's motion for summary judgment is inconsistent with and a circumvention of the procedure prescribed by G. L. 1938, chap. 554, § § 1 and 2, in actions for the breach of the conditions of a bond, according to the interpretation of those sections by this court in *City of Providence* v. *Goldenberg*, 44 R. I. 327 and *Bowen* v. *White*, 26 R. I. 68, 71. In § 1 of the statute it is provided

that: "In all actions brought for the breach of the condition of a bond, . . . when it shall appear, by verdict, default, submission, or otherwise, that the condition is broken, . . . judgment shall be entered in the common form for the penal sum, *but* execution shall issue thereon as is provided in the following 3 sections", the part here pertinent appearing in § 2. (italics ours) It is as follows: "The court shall award an execution in such case for so much of the penal sum as shall then be due and *payable in equity and good conscience, for the breach of the condition*", the amount for which execution shall issue to be determined with or without the intervention of a jury. (italics ours)

Interpreting these two sections, formerly G. L. 1909, chap. 294, secs. 3 and 4, the court in *City of Providence* v. *Goldenberg, supra,* at page 330 of that opinion says: "We think it was the intention of the legislature, as expressed by sections of the statute above quoted, that judgment shall be entered for the penal sum before the court shall proceed, either with or without a jury, to determine for what sum execution shall be awarded." In disposing of the contention that there would be a saving of time and effort by having the amount for which an execution should be awarded determined at the time of the decision or verdict for the penal sum, the court, also on page 330 of the opinion, says: "It is a sufficient answer to say that the legislature has prescribed a different procedure."

The summary judgment statute contemplates the final disposition of a case by execution on a judgment for a "debt or liquidated demand in money." An action for the breach of the condition of a bond does not fall within the class of cases intended to be covered by this statute. Under our statute governing an action of this kind, as interpreted by this court, execution on a judgment in the penal sum of the bond cannot issue; the amount actually "payable in equity and good conscience" under the bond, and for which

execution shall issue, is determined in proceedings subsequent to the entry of judgment for the penal sum of the bond. Viewed in this light, the plaintiff in an action of this kind has neither a "debt" nor "liquidated demand in money" within the meaning of the summary judgment statute. In effect, it is a right of action for an unliquidated sum, as damages, not exceeding the penal sum of the bond. See *Joseph Mogul, Inc.* v. *Lavine, Inc.* 247 N. Y. 20; *Norwich Pharmacal Co.* v. *Barrett,* 200 N. Y. S. 298.

The plaintiff's motion for summary judgment in this case is dual in form and substance. It seeks to accomplish what the legislature intended should be done in two separate and distinct proceedings. If this were permitted, the result would be a nullification of the legislative mandate in actions of this kind. This clearly was not the purpose of the summary judgment statute, which was intended only for clear cases. Any doubt as to its applicability should be resolved against the entry of such a judgment. *Fisher* v. *Sun Underwriters Ins. Co., supra,* at page 181. *Koehring Co.* v. *Ventresca,* 334 Pa. 566, 6 A. 2d. (Pa.) 297; *National Cash Register Co.* v. *Ansell,* 125 Pa. Sup. 309, 189 A. 738.

For the reasons stated, we are of the opinion that the trial justice erred in denying the defendants' motion to dismiss the plaintiff's motion for summary judgment, and that he further erred in granting the plaintiff's motion for such judgment as appears of record.

The defendants' exceptions are sustained, and the case is remitted to the superior court for further proceedings.

*Max Winograd, William J. Carlos,* for plaintiff.

*Temkin & Temkin, Samuel Temkin, William E. Brady,* for defendant.