JOHN SORMANTI et al. vs. LORENZO DEACUTIS et al.
d.b.a. LORENZO DEACUTIS & SONS et al.

MAY 22, 1952.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This case, referred to in the writ and declaration as an action of debt, is before us on the exception of each defendant to the decision of the trial justice, sitting without a jury, in favor of the plaintiffs in the sum of $4,199.66.

The declaration discloses that the action is based upon a bond executed by all the defendants on June 9, 1941 whereby the defendants Deacutis, hereinafter sometimes referred to as the contractors, and the Massachusetts Bonding and Insurance Company, called the surety, acknowledged themselves to be held and firmly bound unto the plaintiffs in the sum of $6,560 on the condition that all the defendants would indemnify the plaintiffs against any loss or damage arising through the failure of the contractors to faithfully perform and execute a contract for the construction of a certain one-family house and garage at the corner of Smith street and Brentwood avenue in the city of Providence.

In a rescript in which he carefully analyzed the testimony, the trial justice concluded that there had been a breach in the conditions of the bond and gave decision for the plaintiffs in the amount stated above. All the defendants duly excepted to this decision, and the case is before us on that exception only. The court stenographer who had taken the testimony died before she could transcribe her notes, and despite diligent efforts no other person was found who was able to transcribe them. Therefore by agreement the case has been submitted to us on the pleadings and exhibits on the claim that the exception raised only a question of law.

. The contractors contend that the decision of the trial justice should be reversed and the case remitted to the superior court for a new trial because in his decision he failed to follow the practice set forth in the statutes for trial of cases in debt on bond. They argue that, after deciding there had been a breach in the conditions of the bond, the trial justice should have found for the plaintiffs in the penal sum of the bond and that, in the absence of a contrary agreement between the parties, chancerization of the bond, to allow such equitable damages as the plaintiffs might be able to prove, should have been made in a subsequent pro-

ceeding. General laws 1938, chapter 554. No such contrary agreement appears in the record.

From our examination of the writ and declaration it clearly appears that such action should be denominated *debt on bond,* as any other conclusion would result in the defendants being improperly joined in two separate causes of action against different defendants.

Chapter 554 relating to debt on bond contains five sections. The first section provides in substance that in all actions brought for the breach of the condition of a bond when it shall appear that the condition is broken, judgment shall be entered in the common form for the penal sum, but execution shall issue thereon as is provided in the three sections following. The second section provides that the court shall award an execution for so much of the penal sum as shall then be due and payable for the breach of the condition, which sum shall be ascertained and determined by the court; provided, however, that either party may before the day fixed for a hearing move to have said sum assessed by a jury; and provided further that the court may on its own motion, if it shall think it proper, submit such case to a jury for the assessment of the sum due.

The third and fourth sections, which are not in point here, relate to further breaches and the determination of the sum due under a *scire facias.* The fifth section is a saving clause permitting suits for the breach of the contract instead of suing for the penalty.

In *City of Providence* v. *Goldenberg,* 44 R. I. 327, this court construed a similar statute, G. L. 1909, chap. 294. In that case, which was an action of debt on bond, the jury found for the plaintiff, assessed damages in the penal sum of the bond, and chancerized the bond in a particular amount. This was held to be reversible error in that judgment should have been entered for the penal sum before the court proceeded either with or without a jury to determine for what sum execution should issue. The court cited with approval *Bowen* v. *White,* 26 R. I. 68, 71, and quoted there-

from as follows: "The jury should have found affirmatively or negatively upon the issues, which, like all issues in the action of covenant, were special. Then, after judgment for the penal sum of the bond, the court or another jury should have assessed the damages, according to equity and good conscience." See also *Tilley* v. *Cottrell,* 21 R. I. 309.

In *Goucher* v. *Herr,* 65 R. I. 246, this court in interpreting G. L. 1938, chap. 554, §§1 and 2, formerly G. L. 1909, chap. 294, secs. 3 and 4, quoted with approval the following language from *City of Providence* v. *Goldenberg, supra;* "We think it was the intention of the legislature, as expressed by sections of the statute above quoted, that judgment shall be entered for the penal sum before the court shall proceed, either with or without a jury, to determine for what sum execution shall be awarded."

The surety has briefed and argued four separate grounds upon which it relies to sustain its exception to the decision of the trial justice, namely, that the owner is precluded from recovery for failure to comply with article V of the contract; that the surety was discharged by a material alteration in the contract; that certain payments in advance to contractors were prejudicial *pro tanto* to the surety; and that it was error to allow recovery for money paid to the Lincoln Lumber Company.

We see no merit in the first two grounds since it appears from the exhibits herein that, after certain breaches of the contract on the part of the contractors had occurred, the surety was duly notified thereof and was requested to advise plaintiffs as to what it proposed to do under the terms and conditions of the bond. The surety advised that it understood that a meeting had been held between the owners and the contractors and that another meeting was to be held on the following evening. This note or letter was signed by a Mr. Downey, representing the surety, and concluded: "A settlement of the differences may be made without our intervention." It seems clear from the record that the

surety had waived any claims it may have held based upon the first two grounds stated above.

In view of our final conclusion as to the necessity for further proceedings, the third and fourth grounds need not be passed upon here. If such grounds have validity in law, the surety will not be precluded from setting them up in defense, at least *pro tanto,* when the case is further heard on chancerization of the bond in accordance with our direction.

We have carefully examined the available record and exhibits to determine whether the trial justice was warranted in finding that there was a breach or breaches in the condition of the bond and holding all defendants liable for such breach or breaches under the obligations thereof. Upon these questions the findings of a justice of the superior court sitting without a jury are entitled to great weight. Since we cannot say from a review of the meager record available to us that the trial justice was clearly wrong, we cannot disturb such findings. However, in the peculiar circumstances of this case, we are of the opinion that he should not have proceeded to assess damages, but upon his finding that the conditions of the bond had been broken he should have decided for the plaintiffs in the penal sum of the bond, namely, $6,560, and left the matter of assessment of damages open for further action in accordance with the provisions of the applicable statute.

Upon examination of the writ and declaration filed herein, it appears that the ad damnum laid in the writ is $5,000; that the amount stated as the debt owing to the plaintiffs is $3,063.29; and that the penal sum of the bond is alleged to be $6,560. Clearly on the pleadings as they stand the decision of the trial justice could not exceed the ad damnum laid in the writ and stated in the declaration. We are of the opinion therefore that the case should be remitted to the superior court to permit the plaintiffs to request an amendment to the writ and declaration so as to increase the ad damnum laid therein to $6,560, the penal sum of the

bond; and if such request is made by the plaintiffs and is granted by the superior court, that court is hereby directed to enter judgment for the plaintiffs for $6,560, the penal sum of the bond. Damages may thereafter be assessed in accordance with the accepted practice of chancerizing the bond as outlined above.

To the extent above set forth the exception of each defendant is sustained, and the case is remitted to the superior court for further proceedings in accordance with this opinion.

*Sherwood & Clifford, Sidney Clifford, Raymond E. Jordan,* for plaintiffs.

*Judah C. Semonoff, Joseph A. Mackey,* for defendants Lorenzo Deacutis and Benedetto Deacutis, d.b.a. Lorenzo Deacutis & Sons.

*Carroll & Dwyer, Edward F. J. Dwyer,* for defendant Massachusetts Bonding and Insurance Company.

